O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&S CORPORATION, LTD., a Korean Corporation,<br><br>           Plaintiff,<br><br>  v.<br><br>BAE SYSTEMS CONTROLS, INC., a Delaware corporation; et al.<br><br>           Defendants. | Case No. CV 12-00366 DDP (AJWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Docket No. 6] |

Presently before the court is Defendants' Motion to Dismiss ("Motion"). Having reviewed the parties' moving papers, the court GRANTS the Motion, and adopts the following Order.

**I.  BACKGROUND**

As alleged in its Complaint, Plaintiff C&S Corporation, Ltd. is a Korean corporation. In or about 2002, Plaintiff entered into International Representative Agreements ("IRAs") with the four BAE Systems Defendants. Pursuant to the IRAs, Plaintiff agreed to market, sell, and service certain products in Korea for Defendants, in exchange for sales commissions. The IRAs each include an arbitration clause, stating in relevant part that: "Any dispute

controversy or claim arising out of or in connection with this Agreement or the interpretation, validity, performance, breach or termination hereof, shall be resolved by arbitration conducted in Washington, DC, United States of America." (Compl., Ex. A at 13.)

On or about May 31, 2007, Defendants terminated the IRAs, owing Plaintiff approximately one million dollars in unpaid commissions. On December 2, 2011, Plaintiff filed this action in California state court, alleging causes of action for: 1) breach of contract; 2) common count: goods and services rendered; 3) common count: open book account; 4) account stated. Plaintiff demands the same amount in damages - the approximately one million dollars in unpaid commissions - for each of the causes of the actions. Defendants removed the action to federal court on January 13, 2012.

Defendants filed this Motion to Dismiss on January 20, 2012, arguing that the binding arbitration agreements cover the entire dispute. Plaintiff opposes the Motion, contending that the language of the arbitration clause "does not encompass claims in equity, including quasi-contractual claims and claims of estoppels." Plaintiff therefore asks the court to sever and allow Plaintiff to proceed with those claims. Plaintiff also asks the court to set aside the arbitration agreements' forum selection clause, because Los Angeles, California, is "a more proper venue" than Washington, D.C.

**II. DISCUSSION**

The FAA provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Because the "FAA embodies a clear federal policy in

2

favor of arbitration," any "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." <u>Simula, Inc. v. Autoliv, Inc.</u>, 175 F.3d 716, 719 (9th Cir. 1999). Defendants argue that the applicability of the arbitration clause here is controlled by <u>Simula</u> and <u>Schoenduve Corp. v. Lucent Technologies, Inc.</u>, 442 F.3d 727 (9th Cir. 2006). The court agrees.

In <u>Schoenduve</u>, the Ninth Circuit held that a similar arbitration clause between a manufacturer and its representative "was broad enough to include a claim for commissions based on quasi-contract or estoppel." <u>Id.</u> at 732; <u>see also</u> <u>Simula</u>, 175 F.3d at 721 (concluding that "the language 'arising in connection with' reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract"). Contrary to Plaintiff's position, <u>Simula</u> also expressly distinguished the circumstances in <u>Mediterranean Enters., Inc. v. Ssangyong Corp.</u>, 708 F.2d 1458 (9th Cir. 1983), where the Circuit found that an arbitration clause did not encompass quasi-contract claims. <u>See</u> <u>Simula</u>, 175 F.3d at 720 n.3 ("<u>Mediterranean</u> . . . interpreted a clause providing for any disputes "arising hereunder," <u>see</u> 708 F.2d at 1464, . . . . Such language is considerably more narrow in scope than the ["arising in connection with"] language at issue here." Here, as in <u>Simula</u> and <u>Schoendvue</u>, the broad arbitration clause language encompasses Plaintiff's quasi-contractual and estoppel claims.

With regard to the forum selection clause, Defendants argue, among other things, that Plaintiff fails to meet the high standard to avoid enforcement of a forum selection clause. In particular,

3

because Plaintiff alleges no fraud, undue influence, or unequal bargaining power, Plaintiff would have to show "such serious inconvenience in litigating in the selected forum so as to deprive [it] of a meaningful day in court." Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280 (9th Cir. 1984), overruled on other grounds by Powerex Corp. v. Reliant Energy Servs., 551 U.S. 224, 235-36 (2007).

The court finds that Plaintiff has failed to make such a showing. To avoid the forum selection clause, Plaintiff alleges that: 1) the product at issue was manufactured in and shipped from California; 2) "[v]irtually all of the witnesses involved in this dispute" are located in California; 3) Defendants' counsel has an office in California, which filed this Motion. Assuming their validity, these facts do not show that litigation in Washington, D.C., "would be so gravely difficult or inconvenient that it would deprive Plaintiff of its day in court." Am. Guard Servs., Inc. v. Mgmt. Info. Tech. Corp., No. CV 11-3525, 2011 WL 2940407, at *3 (C.D. Cal. July 21, 2011).

**III. CONCLUSION**

For the foregoing reasons, the court GRANTS Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: April 11, 2012

DEAN D. PREGERSON
United States District Judge